**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4750**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS LEE BRINCEFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:17-cr-00025-NCT-1)

Submitted:  May 23, 2019                                      Decided:  May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lee Brincefield appeals his 121-month sentence imposed after pleading guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Brincefield's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court properly applied a two-level Sentencing Guidelines premises enhancement and properly calculated the drug quantity attributable to Brincefield. Brincefield has filed a pro se supplemental brief also challenging the drug quantity and contending that his appellate waiver is invalid, his criminal history score is incorrect, the district court improperly applied a two-level Guidelines enhancement for possessing a firearm, and his attorney rendered constitutionally ineffective assistance. The Government has moved to dismiss Brincefield's appeal, invoking the appellate waiver contained in Brincefield's plea agreement. We grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). An appellate waiver must be knowing and voluntary. *Id.* We generally evaluate the validity of a waiver by reference to the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

2

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Brincefield knowingly and voluntarily waived his right to appeal his sentence, and that the sentencing issues Brincefield seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss in part and dismiss Brincefield's appeal as to his sentencing claims.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no unwaived meritorious issues for appeal. To the extent Brincefield argues that his attorney was ineffective, we conclude that ineffective assistance of counsel does not conclusively appear from the record and, thus, we decline to address this claim on direct appeal. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Brincefield's ineffective assistance of counsel claims are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We therefore affirm the remainder of the judgment of the district court. This court requires that counsel inform Brincefield, in writing, of the right to petition the Supreme Court of the United States for further review. If Brincefield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brincefield.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*